UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DERICK LEWIS,

                Petitioner,

      v.                                  Case No. 25-CV-1926

JE'LESLIE TAYLOR,
    *Warden, Racine Youthful Offender Correctional Facility,*

                Respondent.

---

# RECOMMENDATION AND ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

---

Derick Lewis, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Lewis sought leave to proceed without prepayment of the filing fee (ECF No. 2). Having reviewed Lewis's institutional account statement (ECF No. 5), the court concludes that he lacks the resources to prepay the fees and costs associated with this action. Therefore, Lewis's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) will be granted.

Turning to his petition, Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not

dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Lewis alleges in his federal habeas petition that (1) his attorney was ineffective with respect to the revocation of his probation; (2) newly discovered evidence would have changed his waiver decision; and (3) his due process rights were violated during the revocation proceedings. (ECF No. 1 at 7–8.)

Ordinarily, a petitioner must exhaust his remedies in state court before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1). Lewis's state court record reflects that he has filed two letters asking to reopen his revocation proceedings since the state court sentenced him to prison on July 3, 2025. (*See* Wisconsin Circuit Court Access, at: https://wicourts.gov (last accessed Dec. 29, 2025); *see also* ECF No. 1-1 at 4 (letter from petitioner identifying state court case number).) But exhaustion requires "a full round of appellate review," including for state revocation proceedings, before a petitioner may file a federal habeas petition. *Darrah v. Johnson*, No. 24-CV-863-PP, 2024 WL 4835272, at *4, 2024 U.S. Dist. LEXIS 210853, at *11 (E.D. Wis. Nov. 20, 2024) (dismissing petition for failure to exhaust state court remedies).

State law affords several avenues to appellate review of revocation proceedings. *See State ex rel. Vanderbeke v. Endicott*, 563 N.W.2d 883, 890–91 (Wis. 1997) (noting that a petition for habeas corpus in the court of conviction is the appropriate procedure for an allegation of ineffective assistance of counsel at a probation revocation proceeding when

additional evidence is needed); *Stewart v. Schaub*, No. 16-C-0243, 2016 U.S. Dist. LEXIS 29386, at *4-5 (E.D. Wis. Mar. 8, 2016) (explaining that a petitioner may challenge a revocation decision issued by an administrative law judge by appealing to the administrator of the Division of Hearings and Appeals (citing Wis. Admin Code § HA 2.05(8)) or by filing a petition for a writ of certiorari or petition for habeas corpus in the state circuit court). Lewis acknowledges that he has not filed a direct appeal or any state action for postconviction relief. (*See* ECF No. 1 at 3–4.)

Because there is an available and effective process in state court for Lewis to present his claims, *see* 28 U.S.C. § 2254(b)(1)(B), his petition must be dismissed for failure to exhaust his state court remedies, *see* 28 U.S.C. § 2254(b)(1)(A).

**IT IS THEREFORE ORDERED** that Lewis's motion to proceed without prepayment of the filing fee (ECF No. 2) is **granted**.

**IT IS FURTHER RECOMMENDED** that Lewis's petition (ECF No. 1) be **dismissed** for failure to exhaust his state court remedies.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

[Signature Page Follows]

Dated at Milwaukee, Wisconsin this 30th day of December, 2025.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge